IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Terrence L. Cox, #3232219, | ) | C/A NO. 6:11-1535-CMC-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Wayne McCabe, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On July 16, 2012, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter be dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Respondent filed objections to the Report on August 2, 2012. Petitioner filed untimely objections on August 8, 2012.[1]

---

[1] Petitioner's objections were received for filing on August 10, 2012. However, the envelope in which the objections were mailed is postmarked August 8, 2012. ECF No. 37-2 at 1. As Petitioner benefits from the "prison mailbox rule" delineated in *Houston v. Lack*, 487 U.S. 266 (1988), the objections are deemed filed as of August 8, 2012. The Report and Recommendation in this case was filed July 16, 2012. Petitioner was specifically advised that objections were to be "filed within fourteen (14) days of the date of service of this Report and Recommendation." ECF No. 32 at 23. The "date of service" is the date the Report and Recommendation was mailed to Petitioner. *See* Fed. R. Civ. P. 5(b)(2)(C). Therefore, Petitioner's objections were due August 2,

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of those matters as to which an objection was made, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and the parties' objections, the court agrees with the conclusions of the Magistrate Judge that Respondent is entitled to summary judgment. Accordingly, the court adopts the Report except as noted below.

## I. EXHAUSTION

In its discussion of the requirement that Petitioner exhaust his available state court remedies before pursuing a petition in this court, the Report quotes *Mattews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), for the proposition that "[t]o satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." "Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them." Report at 9 (ECF No. 32). This assertion is in error.

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in*

___

2012. *See* Fed. R. Civ. P. 6(d).

2

*Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). In *McKennedy*, the South Carolina Supreme Court specifically held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "*outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan* [ *v. Boerckel*, 526 U.S. 838 (1999)]." 559 S.E.2d at 854.[2]

As the Sixth Circuit noted in *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003), although a rule by a state's highest court indicating that litigants need not file for discretionary review does not "completely remove[ ] state supreme court review as an option for litigants," it does "establish that [state] Supreme Court review is no longer part of the normal course of review for criminal appeals, and is not necessary for exhaustion of 'all available state remedies.' " "[W]hen remedies are taken outside of the normal criminal review process, those remedies become 'extraordinary:' technically available to the litigant but not required to be exhausted." *Id.* at 403 (citing *O'Sullivan*, 526 U.S. at 844).[3]

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, a claim would not be procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals, either after a direct appeal or after pursuing relief in a PCR petition.

---

[2]The *O'Sullivan* Court considered the South Carolina rule enunciated in *In re Exhaustion* as trying to remove South Carolina Supreme Court review as an available state remedy for habeas purposes, but reserved judgment as to whether the rule actually succeeded in doing so. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999).

[3]This, of course, also promotes a principle deemed essential to the *O'Sullivan* ruling and to habeas corpus review in general: comity between the state and federal governments. Comity dictates that the federal courts not ignore a state supreme court's order or rule addressing exhaustion for federal habeas purposes.

**II. GROUND ONE**

Respondent argues in his objections that the Report errs in reaching the merits of Petitioner's First Ground for Relief. Respondent contends Petitioner's first Ground for Relief is procedurally barred. Respondent maintains that the Report overlooks the argument that Petitioner failed to present the issue raised in Ground One to the trial court, therefore barring its presentation in Petitioner's direct appeal. Accordingly, Respondent argues that this Ground for Relief is barred from consideration in this court. *See* Objections at 2-3 (ECF No. 35).

The undersigned agrees. A habeas petitioner must first present his claim to the court in a manner in which it may be reviewed on the merits. *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). It is well settled in South Carolina that "[i]ssues not raised and ruled upon in the trial court will not be considered on appeal." *State v. Dunbar*, 587 S.E.2d 691, 693-694 (S.C. 2003). Moreover, it is not enough that the argument presented stems from the same factual scenario; rather, the legal argument must be the same as the argument presented below. *See*, *e.g.*, *State v. Haselden*, 577 S.E.2d 445, 448 (S.C. 2003) (finding differing ground for objection did not preserve issue presented for review: defendant's objection on relevancy did not preserve argument the evidence was improper character evidence); *State v. Caldwell*, 662 S.E.2d 474, 482 (S.C. Ct. App. 2008) ("Because the argument raised on appeal does not appear to have been specifically raised below, it may not be preserved on appeal.").

As noted by Respondent, Petitioner did not present to the trial court a motion for denial of a fair trial based on the failure to admit evidence going to third party guilt at trial. Indeed, counsel did not offer specific evidence of third party guilt. *See generally State v. Beckham*, 513 S.E.2d 606, 614 (S.C. 1999)("Evidence offered by a defendant as to the commission of the crime by another

4

person is limited to facts which are inconsistent with the defendant's guilt."). No issue on third party guilt was preserved for appeal and the issue presented in the *Anders*[4] brief was procedurally barred. *Dunbar*, *supra*.

"[A] federal court ordinarily may not consider claims that a petitioner failed to raise at the time and in the manner required under state law unless 'the prisoner demonstrates cause for the default and prejudice from the asserted error.'" *Teleguz v. Pearson*, __ F.3d. __, 2012 WL 3125990 at *2-3 (4th Cir. Aug. 2, 2012) (quoting *House v. Bell*, 547 U.S. 518, 536 (2006)). To show cause, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or that "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding." *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999).

"Alternatively, Petitioner may prove that failure to consider the claims will result in a fundamental miscarriage of justice." *McCarver v. Lee*, 221 F.3d 583, 588 (4th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). A fundamental miscarriage of justice equates to the conviction of someone who is actually innocent. However, "actual innocence" requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner has not established cause and prejudice, nor has he made any showing of the potential for miscarriage of justice.[5] In *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), the

---

[4]*Anders v. California*, 386 U.S. 738 (1967).

[5]As noted by Respondent, Petitioner failed to establish a factual basis for this claim in state court during the trial, and Petitioner has therefore failed to show any basis for relief even if the procedural bar could be avoided. *See generally Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388,

5

Fourth Circuit Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. 66 F.3d 1350. The court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion that follows is dicta. *See Karsten v. Kaiser Found. Health Plan*, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

Petitioner's first Ground for Relief is procedurally barred in this court. Accordingly, the court declines to adopt the Report's discussion of the merits of Petitioner's first Ground for Relief.

### III. PETITIONER'S OBJECTIONS

Petitioner contends in his objections that "the Magistrate [Judge] is wrong in his assertion that [Petitioner] failed to exhaust his state court remedies." Obj. at 2. The undersigned has addressed this position above.

Additionally, Petitioner presents a claim in his objections that the "trial court and Respondent committed a [*Brady v. Maryland*, 373 U.S. 83, 87 (1963) ] violation by the failure to disclose[ ] the gun that cause[d] death of Frankie Williams because the bullets recovered from Williams['] body were fired from a 32 caliber." Obj. at 2. This contention is not responsive to the Report's findings, nor is it a ground for relief that is presented in the petition for writ of habeas corpus. *See* ECF No. 1. Accordingly, Petitioner's objections are rejected.

---

1398 (2011) ("review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"); *Schriro v. Landrigan*, 550 U.S. 465, 475 (2007) ("If district courts were required to allow federal habeas applicants to develop even the most insubstantial factual allegations in evidentiary hearings, district courts would be forced to reopen factual disputes that were conclusively resolved in the state courts.").

## IV. CONCLUSION

Respondent's motion for summary judgment is **granted** and this petition is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:
(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 16, 2012